## Case No. 711.

### BACKSTACK v. BANKS.

[7 Ben. 355.][1]

District Court, S. D. New York. June, 1874.

ASSAULT AND BATTERY—MATE AND SEAMAN.

1. The mate of a vessel, thinking that one of the boys on board had stolen some money from him, accused him of theft, while he was seated at the breakfast table, with the mate and two others. The boy retorted with an opprobrious epithet, and the mate struck him in the face, and he fell over in his chair against a partition. The boy filed a libel against the mate to recover damages for assault and battery: *Held*, that as the blow was not given in the course of discipline, and as the mate used opprobrious words first, the assault was without excuse.

[See Benton v. Whitney, Case No. 1,335;

---

[1] [Reported by Robert D. Benedict, Esq.. and B. Lincoln Benedict, Esq., and here reprinted by permission.]

Cushman v. Ryan, Id. 3,515; Morris v. Cornell, Id. 9,829.]

2. That, as the libellant was not shown to have suffered any permanent or serious injury, the court would award him $20, and costs.

[In admiralty. Libel by Paul J. Backstack, seaman, against Charles A. Banks, mate, to recover damages for an assault and battery. Decree for libellant.]

W. R. Beebe, for libellant.
R. D. Benedict, for respondent.

BLATCHFORD, District Judge. The libel represents this as a case of great hardship. It alleges that the respondent beat the head of the libellant against the cabin ceiling, and knocked him down, and pulled his hair, and jumped on his back with heavy boots after he was down, and severely injured him, and kicked him in the head, and cut and severely wounded him; and that the libellant was unable for a long time to perform his duties. It claims $2,000 damages. The oath of the libellant to the foregoing statement of the libel was admitted by consent, as evidence, and he was not examined or cross examined as a witness. The master's affidavit was admitted by consent as evidence, setting forth that he found the libellant bleeding and his head cut open, and that he was otherwise severely injured and suffering. The master was not examined or cross-examined.

The respondent testifies, that, suspecting the libellant of having stolen two francs from his pocket, he accused the libellant, while he was seated at the breakfast table with two other persons and the respondent, of having taken the money; that the libellant then applied an offensive epithet to the respondent; and that thereupon the respondent hit the libellant on the face, and he fell over in his chair against a partition. The respondent denies the other violence alleged. The evidence of the respondent is sustained by that of one of the other two persons who were at the table.

The blow given by the respondent, who was the mate of the vessel, the libellant being an ordinary seaman, was not given in the course of discipline, or to enforce obedience to orders, or by way of punishment. As for opprobrious words, the mate used them first by accusing the libellant of stealing. The assault by the respondent was without legal excuse. But the libellant is not shown to have suffered any permanent injury from it, nor can I conclude, on the evidence, that it was serious in its character or consequences. It is not established that the libellant was rendered by it unfit for attending to his duties. I award to the libellant the sum of $20 and costs.